UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NUMBER |
| NELSON, INC., WILLIE NELSON SR., and HATTIE NELSON, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT, INDEMNITY AGREEMENT AND FOR INJUNCTIVE RELIEF**

Great American Insurance Company ("GAIC" or "Plaintiff") sets forth the following as its Complaint against the Defendants, Nelson, Inc., Willie Nelson Sr. and Hattie Nelson:

**THE PARTIES**

1.   Plaintiff, Great American Insurance Company, is an Ohio corporation with its principal place of business in Cincinnati, Ohio, and is a citizen of the State of Ohio.

2.   Defendant, Nelson, Inc., was organized under the laws of the State of Tennessee and had a principal place of business in Memphis, Tennessee.  On information and belief, Nelson, Inc. became an inactive corporation in December of 2015.  Nelson, Inc. is a citizen of the State of Tennessee.

3.   Defendant, Willie Nelson Sr., is an individual residing in the State of Tennessee and is a citizen of that state.

4.     Defendant, Hattie Nelson, is an individual residing in the State of Tennessee and is a citizen of that state.

## VENUE AND JURISDICTION

5.     This Court has jurisdiction over this cause under 28 U.S.C. §1332 as there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.

6.     Venue is proper under 28 U.S.C. §1391 as all of the Defendants reside or do business within this district and acts giving rise to the claims in this Complaint substantially occurred within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

7.     Defendant, Nelson, Inc., is or was a construction contractor performing contract work for public bodies, including the United States Corps of Engineers (USACE), which contracts required by their terms or by statute that surety bonds secured the obligations of the contractor to perform the work and to pay for the labor and materials required for that work.

8.     GAIC issued performance and payment bonds on behalf of Nelson, Inc., which bonds secured the obligation of Nelson, Inc. to perform various contracts it entered into with private and public entities, and to pay for labor materials required for the performance of those contracts.

9.     In consideration of the execution of surety bonds by GAIC, all of the Defendants entered into an Agreement of Indemnity with GAIC, dated November 6, 2006, which agreement provides, among other things, that the Defendants indemnify GAIC for all losses arising from the execution of the bonds and pay all expenses and legal fees incurred by GAIC in defending claims

and suits against its bonds, and in seeking recovery of losses incurred on the bonds, including the costs and fees in seeking recovery from the Defendants. A copy of the Agreement of Indemnity is **Exhibit A** to this Complaint (redacted to partially delete the individual defendants' Social Security numbers as required by law).

10. By reason of claims and demands against bonds that GAIC issued on behalf of Nelson, Inc., GAIC filed suit against the Defendants in September of 2010, cause no., 10-cv-02691, in the United States District Court for the Western District of Tennessee, seeking judgment against them in an amount in excess of $2.7 million.[1] A copy of the text of that complaint is attached as **Exhibit B** to this Complaint.

11. Defendant, Nelson, Inc., filed a Chapter 11 petition in the United States Bankruptcy Court for the Western District of Tennessee, case no., 11-24542-JDL, which case was dismissed by order of that court on May 4, 2012.

12. In February of 2012, GAIC and the individual Defendants, Willie Nelson, Sr. and Hattie Nelson, individually entered into a settlement agreement, which agreement provided, among other things, that these Defendants make certain payments, a lump sum payment of $50,000, and installment payments, as set out in the secured promissory note attached to the agreement; it also contemplated that these Defendants would assist in collecting remaining contract funds, including funds that might be recovered from the USACE on a contract for a project known as Stone Dike located at various sites on the Mississippi River. A copy of the settlement agreement signed by the Nelsons on February 15, 2012 is attached to this Complaint

---

[1] Willie Nelson, Jr. was a party to the Agreement of Indemnity and the prior action brought by GAIC which was settled under the terms of the settlement agreement that is the subject of this Complaint; Willie Nelson, Jr. was released by GAIC, as part of the terms of the settlement agreement, without regard to whether the terms of the settlement agreement were performed, and therefore, is not named as a party to this action.

as **Exhibit C**. (referred to herein as the "Nelson Settlement Agreement", which has been redacted to delete home address information other than city and state as required by law).

13. In the Nelson Settlement Agreement the Nelsons individually stipulated that the amount due GAIC by them was $1,727,599 for purposes of the settlement; GAIC's losses at the time exceeded $2 million; the lower stipulated amount was the amount that the Nelsons did not dispute at the time of the settlement. The settlement agreement provided that the failure of the Nelsons to make the payments required of them under the settlement agreement or to assist in recovering contract funds as provided in the settlement agreement rendered void any obligation by GAIC to release the Nelsons individually from GAIC's claims and provided GAIC with the option to pursue the stipulated amount against the Nelsons individually, plus fees, interest and costs, and further expressly provided that GAIC reserved its rights under the terms of the bonds, the agreement of indemnity and under the law, to the extent not otherwise provided in the settlement agreement. (¶5 and ¶7, **Exhibit C**). GAIC asserts that it is owed the full amount of its loss by the Nelsons individually, as well as by Nelson, Inc.

14. The USACE claim for the Stone Dike project that the Nelsons pledged to use to reimburse GAIC was identified as part of the Nelson Settlement Agreement. After the prosecution of the claim, Nelsons were to assure that GAIC was paid the amount from the Stone Dike claim to fully reimburse GAIC's loss payments on that contract for completion costs and labor and materials. If the recovery from the Stone Dike claim was not paid to GAIC by August 13, 2013, the Nelsons were to pay GAIC the sum of $100,000 as a balloon payment in lieu of the full settlement amount, which the parties to the Nelson Settlement Agreement contemplated would be far more than $100,000.

15. In February of 2012, at the time of the settlement, Defendant, Nelson, Inc., was still operating as a debtor-in-possession in the Chapter 11 proceeding. Because Nelson, Inc. was not a party to The Nelson Settlement Agreement, that agreement provided that if the automatic stay needed to be lifted to effect a transfer of the funds recovered on Nelson, Inc. contracts to GAIC, GAIC would bear the cost of lifting the stay in the bankruptcy court. (¶6 **Exhibit C**) The funds being collected from the contracts for which GAIC issued bonds were not property of the Nelson, Inc. bankruptcy estate, as the funds were needed to reimburse GAIC as surety for losses paid on those contracts. In the Nelson Settlement Agreement, the Nelsons in pledging their assistance to GAIC for recovery of contract funds, were pledging assistance to GAIC in collecting funds that were GAIC's property. Ordinarily, the funds would not be subject to the automatic stay, but in the event there was an objection, or it was deemed prudent to obtain a cautionary order providing for the lifting of the stay, GAIC agreed to bear that expense.

16. On December 16, 2015, Nelson, Inc. obtained a favorable ruling from the Armed Services Board of Contract Appeals related to the Stone Dike claim to the effect that the USACE improperly terminated Nelson, Inc.'s contracts for default, which ruling has led to discussion of converting the termination of Nelson, Inc. to a termination for convenience, which will involve a substantial monetary settlement between the USACE and Nelson, Inc.

17. Nelson, Inc., which appears to no longer be an operating business, is the contractor of record for the Stone Dike project contracts and will be the recipient of any payment from the USACE for the Stone Dike claim.

18. The individual Defendants, Willie Nelson Sr. and Hattie Nelson, failed to make a single payment to GAIC as required under the terms of the Nelson Settlement Agreement.

19. Defendant, Nelson, Inc., remains in default of its obligations to GAIC under the terms of the Agreement of Indemnity as it defaulted on contracts for which GAIC issued bonds causing a loss to GAIC in excess of $2.3 million.

## Provisions of the Agreement of Indemnity

20. The Agreement of Indemnity provides that the Defendants must indemnify GAIC for any loss, costs, expenses and attorneys' fees it incurs by reason of the execution of the bonds and failure of the Defendants to provide indemnity as required by this agreement. (¶ 2 Exhibit A)

21. The Agreement of Indemnity provides that GAIC is entitled to specific performance and injunctive relief of any of the terms of the agreement as the Defendants acknowledge that GAIC has no adequate remedy at law and will suffer irreparable harm if the Defendants fail to perform their obligations under this agreement. (¶ 2 Exhibit A)

22. The Defendants agreed to hold contract funds due Nelson, Inc. in trust and must deposit them in a separate account:

> Fourth: Undersigned covenant and agree that all funds received by them, or due or to become due under any contract covered by any Bond are trust funds whether in possession of the Undersigned or another, for the benefit of all parties to whom the Undersigned incurs obligations in the performance of the contract covered by the Bond(s) and/or for the benefit of, payment to or reimbursement of the Surety for any liability, loss or expense the Surety may incur under the Bond(s) or in enforcing this Agreement. If the Surety discharges any such obligation, the Surety shall be entitled to assert the claims of any such party to the trust funds. The Undersigned shall, upon demand of the Surety and in implementation of the trust, open an account or separate accounts with a bank designated by Surety, which account(s) shall be designated as a trust account(s) for the deposit of such trust funds and the Undersigned shall deposit therein all monies received pursuant to contract. Withdrawals from such account(s) shall be by check or other instrument signed by the Undersigned and countersigned by a representative of the Surety. Notwithstanding anything to the contrary herein

above this dedication may be implemented in any other manner provided by law or in equity.

23. Defendants have failed and refused to establish a separate account for receipt and deposit of contract funds, including the funds that will become due Nelson, Inc. from the resolution of the Stone Dike claim.

## COUNT I

### BREACH OF SETTLEMENT AGREEMENT AGAINST WILLIE AND HATTIE NELSON

1-23. Paragraphs 1 through 23 of the Complaint are incorporated into Count I as though fully set forth herein.

24. Defendants, Willie Nelson and Hattie Nelson, breached the Nelson Settlement Agreement by failing to pay any of the required payments.

25. Plaintiff demanded that these Defendants comply with the terms of the Nelson Settlement Agreement.

26. Plaintiff has been damaged by the failure of the Defendants to comply with the terms of the Nelson Settlement Agreement and are entitled to damages in an amount in excess of $2.3 million, plus costs and attorneys' fees incurred in bringing this action.

WHEREFORE, Plaintiff, Great American Insurance Company, prays the Court enter judgment in its favor and against Willie Nelson and Hattie Nelson in an amount in excess of $2.3 million, award attorneys' fees and the costs of this action.

## COUNT II

### BREACH OF AGREEMENT OF INDEMNITY AGREEMENT AGAINST ALL DEFENDANTS

1-23. Paragraphs 1 through 23 of the Complaint are incorporated into Count II as though fully set forth herein.

24. All of the Defendants breached the Agreement of Indemnity by failing to indemnify GAIC for the losses it incurred in excess of $2.3 million and for other costs and attorneys' fees it incurred in curing the defaults of Nelson, Inc. on the contracts for which it issued bonds.

25. GAIC has incurred damages in excess of $2.3 million as a result of the Defendants breach of the Agreement of indemnity.

WHEREFORE, Plaintiff, Great American Insurance Company, prays the Court enter judgment in its favor and against the Defendants in an amount in excess of $2.3 million, award attorneys' fees and the costs of this action.

## COUNT III

### REIMBURSEMENT AGAINST NELSON, INC.

1-23. Paragraphs 1 through 23 of the Complaint are incorporated into Count III as though fully set forth herein.

24. GAIC as a surety is entitled by common law to reimbursement from Nelson, Inc., as principal.

25. Nelson, Inc. has failed to reimburse GAIC for losses of over $2.3 million causing GAIC damages in that amount.

WHEREFORE, Plaintiff, Great American Insurance Company, prays the Court enter judgment in its favor and against the Defendant, Nelson, Inc., in an amount in excess of $2.3 million, award attorneys' fees and the costs of this action.

## COUNT IV

### SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF
### SEPARATE ACCOUNT AND PRESERVATION OF TRUST FUNDS

1-23.   Paragraphs 1 through 23 of the Complaint are incorporated into Count IV as though fully set forth herein.

24.   Defendants have failed and refused to set up a separate account for the deposit of trust funds, such as, the funds anticipated from the Stone Dike claim.

25.   Defendants in the past used trust funds for other purposes resulting in a shortfall of funds on the contracts for which GAIC issued bonds and causing the losses on those bonds that are part of the damages alleged in this Complaint.

26.   The registration of Defendant, Nelson, Inc., as a corporation in Tennessee was revoked; and GAIC is informed and believes it has no ongoing business.

27.   Defendants, Willie Nelson and Hattie Nelson, as appears in their financial disclosure in **Exhibit C,** likely lack sufficient assets to pay GAIC's demands and failed to make any payments due under the Nelson Settlement Agreement.

28.   The Agreement of Indemnity provides for specific performance and injunctive relief to enforce its terms; the Defendants stipulated in the Agreement of Indemnity that GAIC will suffer irreparable harm if injunctive relief is not allowed.

29.   In addition to the Defendants stipulating that GAIC will suffer irreparable harm and that there is no adequate remedy at law, there are exceptional circumstances that favor

granting GAIC injunctive relief as: Defendants have violated the terms of the trust fund provision of the Agreement of Indemnity in the past; Defendants have failed to meet any of the terms of the Nelson Settlement Agreement; and, Defendants appear to be insolvent or lack any ongoing business.

WHEREFORE, Plaintiff, Great American Insurance Company, prays the Court enter an order granting the following relief:

A.  Enjoin the Defendants from using of any bonded contract funds or contract consideration recovered by or through Nelson, Inc. and directing them to establish a separate account with Great American for deposit of those funds;

B.  Ordering the Defendants to issue a direction to all of the counterparties of Nelson, Inc. contracts, or obligees of Great American's bonds, that funds are to be deposited into a trust account;

C.  For such further and additional relief as the Court finds just.

**GREAT AMERICAN INSURANCE COMPANY**

/s/ Albert G. McLean
Albert G. McLean (TN BPR No. 5150)
Spicer Rudstrom PLLC
119 South Main Street, Suite 700
Memphis, Tennessee 38103
Telephone:   (901) 523-1333
Facsimile:   (901) 526-0213
amclean@spicerfirm.com

and

**Of Counsel:**

T. Scott Leo (IL Bar No. 3127352)
Michael J. Dudek (IL Bar No. 6292744)
Law Offices of T. Scott Leo, P.C.
1 N. LaSalle Street, Suite 3600
Chicago, Illinois 60602
Telephone:     (312) 857-0910
Facsimile:     (312) 857-1240
sleo@leolawpc.com
MDudek@leolawpc.com

*Attorneys for the Plaintiff*