**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| AND | ) ) | |
| INTEGRATED CONSTRUCTION, LLC, | ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| AND | ) ) | |
| GEODESY PROFESSIONAL SERVICES, LLC, | ) ) | |
| Intervenor-Plaintiff, | ) ) | No. 2:16-cv-02283-TLP-cgc |
| v. | ) ) | |
| NELSON, INC., WILLIE NELSON SR., and HATTIE NELSON, | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING INTEGRATED CONSTRUCTION, LLC'S MOTION TO ASSESS ATTORNEY'S FEES AGAINST DEFENDANT NELSON, INC.**

Intervenor-Plaintiff Integrated Construction, LLC ("Integrated") moves for its attorney's fees and costs associated with the filing of its Intervention, its brief in support of Great American Insurance Company's ("GAIC") Enforcement Motion, and to oppose Nelson, Inc.'s ("Nelson") bankruptcy filings. For the reasons below, Integrated's Motion (ECF No. 92) is DENIED.

## BACKGROUND

Nelson filed a joint stipulation agreement with GAIC agreeing to deposit funds into a trust account to compensate various parties that worked on the Stone Dike Project. (ECF No. 46 at PageID 516.) As to Integrated, Nelson agreed to pay a sum of $400,000. (*Id.* at PageID 518.)

Because Nelson delayed paying Integrated for almost a year, Integrated intervened in this lawsuit and filed a brief in support of GAIC's Motion to Enforce Judgment. (ECF Nos. 46, 52, 65 and 92.) Integrated now moves for attorney's fees and costs for work performed on those filings and its opposition to Nelson's bankruptcy filings. (ECF No. 92 at PageID 1126.)

In response, Nelson offers two reasons why this Court should deny Integrated's motion. (ECF No. 93 at PageID 1177.) First, Nelson asserts that Integrated is collaterally estopped from claiming fees in this matter. (*Id.*) Second, Nelson argues that Integrated's motion is untimely. (*Id.* at PageID 1180.) Even though Nelson's arguments are not persuasive, this Court still finds that Integrated's request for fees is not well founded and should be denied.

## ANALYSIS

A party moving to recover attorney's fees must do so by a drafting a motion for the court. Fed. R. Civ. P. 54(d)(2)(A). Additionally, the Local Rules require that a party moving for attorney's fees provide a memorandum in support, set out "in detail the number of hours spent on each aspect of the case," and an affidavit of another attorney in the community attesting to the prevailing rate charged for similar services in the community. LR 54.1(b). As an exercise of its inherent authority, a court can award attorney's fees when the opposing "party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *see also First Bank v. Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 514 (6th Cir. 2002) (finding that *Chambers* "permit[s] the district court to resort to its inherent authority to sanction bad-faith conduct"). As a threshold matter, Integrated attempted to provide the Court with the requisite documents needed to satisfy the procedural requirements of Federal Rule 54 and Local Rule 54.1(b). But Integrated provided only the hours worked and the hourly rate, it did not provide detailed billing entries showing the work on each aspect of the case. Nevertheless, the Court now turns to the Parties' substantive claims.

Integrated alleges Nelson acted in bad faith by first agreeing, in a court-filed joint stipulation agreement, to pay Integrated only to go back on its promise and drag out these proceedings further. (*See* ECF No. 92.) This is a good point. Nelson's behavior here borders on bad faith.

This Court does not condone Nelson's approach to this litigation. But Integrated has not provided the Court with sufficiently specific acts that, in the Court's view, would amount to sanctionable bad faith conduct. *See Chambers*, 501 U.S. at 33. The American legal system is designed so that "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.,* 500 U.S. 242, 253 (2010). For its own reasons, Integrated chose to file a brief in support of GAIC's Motion to Enforce Judgment. This was not required by the rules or by order of this Court. This was a choice—Integrated's choice. The Court therefore declines to exercise its inherent authority to award Integrated its attorney fees.[1]

---

[1] The Court need not address Nelson's arguments that Integrated is collaterally estopped from pursuing attorney's fees or that its Motion is untimely.

## CONCLUSION

Integrated's Motion for Attorney's Fees (ECF No. 92) is DENIED.  Each Party shall bear its own fees and costs.

**SO ORDERED**, this 19th day of November, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE